**John C. TATUM, Jr., Petitioner,**

v.

**PRESTON CARTER CO., Respondent.**

**No. C–3970.**

Supreme Court of Texas.

Jan. 15, 1986.

William Bennett Cullum, Dallas, for petitioner.

Winstead, McGuire, Sechrest & Minick, Donald F. Hawbaker, Dallas, for respondent.

## OPINION

GONZALEZ, Justice.

The primary issue in this appeal is whether the court of appeals applied the correct legal standard when it ordered a remittitur of exemplary damages. John C. Tatum, Jr. sued Preston Carter Company for breach of an agency agreement and breach of fiduciary duty. After a jury trial, the trial court rendered judgment for Tatum for actual damages, exemplary damages, and attorney fees. In an unpublished opinion, the court of appeals affirmed the trial court's judgment as to some of the actual damages and reversed and rendered as to other damages. To preserve the exact ratio between the reduced actual damages and exemplary damages, the court of appeals ordered a remittitur. We hold that the court of appeals' order of remittitur was erroneous.

On September 22, 1981, Tatum and Preston entered into a written agency agreement whereby Preston would acquire, or help acquire, for Tatum, certain real property known as the Wasson property. Breach of the agency agreement allegedly occurred on September 28, 1981, when a Preston employee and an attorney representing Keith Cecil, a Tatum competitor, met with owners of the Wasson property and executed a contract for sale of the property. Preston argued that its representation of Cecil at the meeting was not a breach of its agreement with Tatum because the agency agreement had already been terminated. A letter was sent from Preston to Tatum terminating the agency agreement supposedly because Tatum had violated an oral agreement he had with Cecil concerning a boundary dispute.

At trial, the jury found that Preston did not have reasonable cause to terminate the agreement. Further, the jury found that Preston had, with malice, acted as agent for Cecil in acquiring the Wasson property in violation of the agreement with Tatum. The jury also found that Preston's actions were in contravention of the fiduciary duty it owed Tatum.

The trial court rendered judgment for Tatum on the following jury awards:

(1) $40,200, with prejudgment interest—the commission Preston received from Cecil;

(2) $50,000, with prejudgment interest—expenses for lost plans of development;

(3) $40,000—lost profits from absence of street abandonment;

(4) $35,000—other lost profits;

(5) attorney fees; and

(6) $300,000—exemplary damages

On the basis of no evidence and insufficiency of the evidence, the court of appeals reversed the jury awards of $50,000 for expenses for lost plans of development; $40,000 lost profits from absence of street abandonment; and $35,000 for other lost

profits. Tatum does not appeal the court of appeals' action reducing actual damages from $165,200 to $40,200 (a reduction of actual damages by 75.66%). Tatum does, however, bring a point of error complaining of the court of appeals' ordered remittitur of $226,998 which reduced the award of $300,000 exemplary damages to $73,002 (a reduction of exemplary damages by 75.66%). Tatum's complaint is that the court of appeals should not have reduced the exemplary damage award and that even if exemplary damages should have been reduced, the court of appeals erred in reducing exemplary damages in the exact proportion as the reduction in actual damages.

■ The ratio between the amount of actual damages and exemplary damages will vary according to the facts of each particular case. *Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981). The object of the rule is not to establish any particular ratio. Rather, the rule serves its function by its prerequisite examination of the factors that determine whether an award of exemplary damages is reasonable. In *Alamo National Bank*, we noted:

> Factors to consider in determining whether an award of exemplary damages is reasonable include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice in propriety.

*Id.* at 910.

■ Whether a jury award of damages is excessive is a question of fact over which this court has no jurisdiction. *Alamo National Bank*, 616 S.W.2d at 910; *Southwestern Investment Co. v. Neeley*, 452 S.W.2d 705 (Tex.1970). This court does, however, have jurisdiction to determine whether the court of appeals applied an erroneous standard in determining the excessiveness of damages. *Alamo National Bank*, 616 S.W.2d at 910; *Dallas Ry. & Terminal Co. v. Farnsworth*, 148 Tex. 584,

227 S.W.2d 1017 (1950). We hold that the court of appeals erred in its application of the standard in determining excessiveness of an award of exemplary damages.

The court of appeals considered the *Alamo National Bank* factors and said:

> Applying these factors to the facts of this case, we find that exemplary damages of $300,000 were excessive when considered in proportion to the actual damages of $40,200, which we have found to be proper. However, we conclude that the proportion of $300,000 exemplary damages to the actual damages of $165,000 as found by the jury is reasonable. Accordingly, we conclude that in order to preserve *that ratio* the exemplary damages should be reduced to $73,002. (emphasis added).

■ The reasonable proportion rule does not, standing alone, serve to fix a particular ratio. Its function is served by consideration of the *Alamo National Bank* factors in determining what proportion is reasonable. Thus, the court of appeals proportional reduction of exemplary damages, in the exact ratio (75.66%) as the proportional reduction in actual damages, was error.

The judgment of the court of appeals dealing with actual damages, prejudgment interest, and attorney fees is affirmed. The judgment of the court of appeals dealing with exemplary damages is reversed, and the cause is remanded to the court of appeals for further proceedings consistent with this opinion.