**PRESTON CARTER COMPANY, Appellant,**

v.

**John C. TATUM, Jr., Appellee.**

**No. 05–83–01507–CV.**

Court of Appeals of Texas, Dallas.

March 17, 1986.

Rehearing Denied April 22, 1986.

W. Mike Baggett, Winstead, McGuire, Sechrest & Minick, Dallas, for appellant.

Kirk Purcell, Houston, amicus curiae, and Mack Kidd, Austin, for amicus curiae.

William Bennett Cullum, Dallas, for appellee.

Before GUITTARD, C.J., and STEPHENS and DEVANY, JJ.

GUITTARD, Chief Justice.

This case is before us on remand from the Supreme Court of Texas. In compliance with that court's directions, 702 S.W.2d 186, we reform our suggestion of remittitur.

John C. Tatum, Jr., as principal, brought suit against Preston Carter Company, as agent, for breach of a written agency agreement and for breach of fiduciary duty arising from that agency relationship. The trial court rendered judgment on the jury verdict in favor of Tatum for recovery of $165,200 actual damages and $300,000 exemplary damages. On original submission we reversed the jury awards of actual damages with respect to all but the $40,200 awarded for the commission received by Preston and suggested a remittitur of

$226,998 of the exemplary damages, reducing the exemplary damages from $300,000 to $73,002. The reduction of exemplary damages was in exactly the same ratio as the reduction of actual damages. On application to the supreme court for writ of error, Tatum complained of our suggested remittitur of exemplary damages. The supreme court held that, in reducing the exemplary damages by the same ratio as the actual damages, we applied an erroneous measure, and that court remanded the cause to us to determine the proper amount of exemplary damages in accordance with *Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981).

We have had difficulty determining the effect of the supreme court's present opinion in the light of *Alamo* and *Southwestern Investment Co. v. Neeley*, 452 S.W.2d 705, 707–08 (Tex.1970). In *Southwestern*, which the supreme court has neither overruled nor questioned, the intermediate court had suggested a remittitur of compensatory damages but had affirmed the award of exemplary damages. The supreme court reversed and remanded on the ground that the intermediate court had an obligation to consider the ratio between exemplary and actual damages *as established by the jury* in passing on the further question of excessiveness of exemplary damages. Justice Pope spoke for a unanimous court as follows:

> This is not to say that a court of civil appeals must rigidly adhere to the ratio as found by the fact finder whenever the court of civil appeals suggests a remittitur of some portion of actual damages. We are not to be understood as holding that the ratio between exemplary damages and actual damages found by the jury, to the exclusion of every other consideration, is of controlling importance in estimating the exemplary damages after a remittitur of a portion of actual damages. However, in addition to considering the other relevant factors, a court of civil appeals *should also take into consideration the ratio between exemplary damages and actual damages as found by the jury,* if the court of civil appeals

has decided to order a substantial reduction in the actual damages awarded.

408 S.W.2d at 708 (emphasis added).

The *Alamo* opinion reaffirms the rule that exemplary damages must be reasonably proportioned to actual damages and cites *Southwestern Investment* as authority for this rule. *Alamo* goes on to enumerate the following factors to be applied in any case where excessiveness of exemplary damages is considered:

> (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety.

616 S.W.2d at 910.

Our former opinion enumerated these factors and stated that we were applying them in considering the question of excessiveness of exemplary damages. Because the supreme court has reversed our decision to reduce the exemplary damages to the exact ratio found by the jury, we conclude that we cannot properly apply that exact ratio. However, under *Southwestern Investment* we still have the obligation to consider the ratio established by the jury. Accordingly, we undertake again to apply the *Alamo* factors, taking into consideration the ratio established by the jury, but without using that exact ratio, and will explain in more detail how we do so.

In considering the nature of the wrong and the character and culpability of Preston's conduct, we recognize that the jury found, on sufficient evidence, that Preston willfully and deliberately disregarded its fiduciary duty to Tatum and acted in the interest of Tatum's competitor. Thus, Preston followed the morals of the marketplace rather than the higher loyalty required of a fiduciary. It caused Tatum to lose a potentially advantageous acquisition, a loss that may not have been fully compensated by the amount of damages properly proved. Thus Preston's conduct offends a public sense of justice and proprie-

ty and merits punishment in an amount sufficient to deter similar disloyalty on the part of other agents. Preston's conduct, however, was not overtly criminal or fraudulent. Nor, so far as the record shows, did it spring from ill will against Tatum or any specific desire to do him harm. The transaction was purely a business affair, with no personal sensibilities or feelings involved, and Tatum's loss was entirely financial. Apparently, Tatum's financial position was not otherwise impaired. Consequently, the punishment assessed against Preston should not be calamitous or ruinous. We do not consider Tatum's attorney's fees because separate awards were made for them.

An award of exemplary damages rests largely in the discretion of the jury and will not be set aside as excessive unless the amount is so large as to indicate that it is the result of passion, prejudice, or corruption, or that the evidence has been disregarded. *Costa v. Storm*, 682 S.W.2d 599, 604–05 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Skillern & Sons, Inc. v. Stewart*, 379 S.W.2d 687, 692 (Tex. Civ.App.—Fort Worth 1964, writ ref'd n.r. e.). The supreme court has declared, however, that verdicts are not always right and, if uncontrolled, will in some cases lead to oppression. *Tynberg v. Cohen*, 76 Tex. 409, 13 S.W. 315, 317 (1890). Excessiveness may be indicated when the jury has probably considered improper items of alleged compensatory damages in assessing exemplary damages. *Southwestern Investment*, 452 S.W.2d at 708 (actual damages assessed included improper allowance for conversion of property by third person). Here it is probable that in assessing exemplary damages of $300,000 the jury considered the improper and highly speculative conclusions presented by Tatum in an effort to recover elements of damages now held to be improper. Accordingly, applying the factors enumerated in *Alamo* and considering the actual damages of $40,200 properly recoverable, we conclude that a reasonable award of exemplary damages would be no more than $75,000 and that the award of $300,000 is excessive by $225,000.

Since Tatum has already filed a remittitur of more than the amount required by this opinion, the remittitur is recognized as effective only with respect to that amount. Accordingly, the judgment of the trial court is reformed and affirmed so as to award to Tatum $40,200 for the commission received by Preston plus $7,940.87 of prejudgment interest on that sum calculated at the rate of ten percent per annum; attorney's fees of $13,000 for legal services in the trial court, $2,000 in this court, and $1,000 in the supreme court; and exemplary damages of $75,000. With respect to all other damages claimed, the judgment is reversed and judgment is rendered that Tatum take nothing.