**LEE COUNTY NATIONAL BANK, Appellant,**

v.

**Wayne NELSON and Nelson Marine Service, Inc., Appellees.**

**No. 09–87–201–CV.**

Court of Appeals of Texas, Beaumont.

Dec. 1, 1988.

Rehearing Denied Jan. 1, 1989.

Daniel W. Bishop, II, Austin, for appellant.

Jon B. Burmeister, Beaumont, for appellees.

## OPINION

BURGESS, Justice.

Appellees sought damages against appellant bank for breach of contract, deceptive trade practice, fraud and conversion. A jury resolved all the factual disputes in favor of appellees, found damages of $20,000 and awarded exemplary damages of $75,000. Appellant urges five points of error.

In early 1983, the parties entered into a series of loan transactions with Wayne Nelson borrowing an initial $50,000 for the purchase of a tug boat, the "Jo Ann K." He then borrowed an additional $18,000 using the boat as collateral. The boat was insured for $75,000. Several other loan transactions occurred between the parties with various motor vehicles being used as collateral. In December 1983, Nelson borrowed $35,000 to make repairs on the boat, which had sunk, pledging as collateral the insurance claim on the boat and twenty-nine acres of land.

In June 1984, Nelson decided to sell the boat to Frank Revia, its original owner, for $100,000. The bank agreed to finance 100 percent of the purchase price with the boat as collateral and the personal guaranties of Nelson and Revia. On August 7, 1984, the bank foreclosed on the twenty-nine acres of land, receiving $70,100 which paid off every loan Nelson owed the bank. Therefore, the only obligation Nelson had to the bank at that point was the personal guaranty on the Revia note. On August 20, 1984, Nelson borrowed $3,000 from the bank. A note and a security agreement was mailed to Nelson. Nelson executed the instruments and retained a copy. Nelson's copy of the security agreement listed a 1984 Ford pickup and a 1982 Lincoln Continental as collateral. The bank's copy of the security agreement listed the vehicles and the insurance proceeds from the tug boat. The $3,000 note was paid off in November 1984 from the sale of the Ford pickup. The proceeds were approximately $2,000 more than the payoff. The bank, however, withheld the $2,000 and the title to the Lincoln claiming the August 20, 1984 security agreement secured Nelson's liability as guarantor on the Revia note. Nelson claimed the guaranty agreement on the Revia note was only for the first $20,000 and when the note was reduced to $80,000, the guaranty was extinguished.

In the meanwhile, Nelson had filed suit against the insurance company for proceeds under the policy and the bank intervened. The insurance claim was settled for $15,000 which was deposited into the registry of the court. Appellees then filed a counterclaim against the bank.

■ Two of appellant's points of error allege legal and factual insufficiency concerning the jury's finding that the bank committed conversion with respect to withholding the title to the 1982 Lincoln. It is important to note that the conversion found was the withholding of the title and not that the vehicle itself was actually converted. Conversion is the unauthorized and wrongful exercise of dominion and control over another's personal property to the exclusion of or inconsistent with the rights of the owner. *Anchor Mortg. Serv., Inc. v. Poole*, 738 S.W.2d 68 (Tex.App.—Fort Worth 1987, writ denied). Here, the evidence is clear that the bank did not exercise dominion over the vehicle; however, it did refuse to surrender the title when requested, and the jury found the withholding was a conversion of the title. Such was also the case in *Nueces Trust Co. v. White*, 564 S.W.2d 798 (Tex.Civ.App.—Corpus Christi 1978, no writ). These points of error are overruled.

■ Two other points of error challenge the jury's answer to the damage issue. The first point alleges "no evidence" but concedes there is evidence from which the jury could have found $2,000. Obviously, this "no evidence" point fails. The point of error complaining of insufficient evidence and/or the excessiveness of the $20,000 award is a different matter. Nelson admitted he retained possession of the vehicle and, in fact, put over 50,000 miles on it from the time he demanded the title until trial. He produced no evidence he attempted to sell or trade the vehicle, but was precluded from doing so because of the

withholding of the title. He produced no evidence that an inability to sell or trade the vehicle had caused him any damage. *Compare Nueces Trust,* 564 S.W.2d at 804. He only produced evidence of the market value of the vehicle at the time he demanded the title. This is not the measure of damages of the conversion of the title. The finding that the $2,000 in excess proceeds from the sale of the pickup truck was a conversion has not been challenged. Therefore, there is evidence to support a finding of $2,000 as damages resulting from the conversion. Appellant, in their motion for new trial, alleged the damages were excessive. The trial court did not, however, suggest a remittitur. We hold the trial court erred, and the cause should be reversed for that reason only.

▮ Having found the actual damages to be excessive, we now turn to appellant's final point of error. Appellant urges that the punitive damages of $75,000 are excessive in light of actual damages of $2,000. It cites *Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901 (Tex.1985), for the proposition that punitive damages must bear a reasonable proportion to actual damages, then relies upon *Southwestern Inv. Co. v. Neeley,* 452 S.W.2d 705 (Tex.1970) where the supreme court held that a court of civil appeals was under an obligation to give consideration to the ratio established by the jury. We believe the more recent decisions of *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981) and *Tatum v. Preston Carter Co.,* 702 S.W.2d 186 (Tex. 1986) to be controlling. These cases hold the ratio between actual and exemplary damages will vary according to the facts of each particular case and no particular ratio is required. Further, the factors to be considered are the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned and the extent to which such conduct offends a public sense of justice.

The jury found the bank had breached its guaranty agreement, had altered a security agreement, had misrepresented the guaranty agreement, had engaged in an unconscionable course of action, had committed fraud, had committed conversion and did not have a security interest in two vehicles and $17,000 as it had claimed. Under the definition they were given, and applying the *Alamo Nat'l Bank* factors, we decline to hold the jury's finding of $75,000 in punitive damages to be excessive, even in light of our reduction of the actual damages.

Having found the only error to be the trial court's not suggesting a remittitur of $18,000, if such remittitur is filed within fifteen days, the judgment will be reformed to show actual damages of $77,000. If such remittitur is not filed, then the judgment shall be reversed. *TEX.R.APP.P. 85.*

REFORMED AND AFFIRMED WITH REMITTITUR.