The AETNA CASUALTY AND
SURETY CO., Appellant,

v.

Charles J. JOSEPH, Appellee.

No. 05–88–00308–CV.

Court of Appeals of Texas,
Dallas.

March 13, 1989.

Rehearing Denied May 2, 1989.

R. Lynn Fielder, Dallas, for appellant.

Don Black, Dallas, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

KINKEADE, Justice.

The Aetna Casualty & Surety Company appeals from a judgment in favor of Charles J. Joseph on his claims of breach of an insurance contract and bad faith. Aetna contends that there was no evidence or, alternatively, insufficient evidence 1) that Aetna breached the insurance contract; 2) that Aetna breached its covenant of good faith and fair dealing; 3) that the evidence supported the damages; 4) that exemplary damages were appropriate; 5) that the attorney's fees were reasonable. We dis-

agree and affirm the trial court's judgment.

The evidence shows that Joseph's home was burglarized on February 7, 1981. Among the items stolen was a twelve-place setting of sterling silverware which Joseph had owned for about twenty years. Joseph, a seventy-two year old man, stated that upon his death he had planned to give the silverware to his daughter. None of the stolen items were recovered and Joseph notified Aetna, his insurance carrier, immediately. Except for the silverware, Aetna paid all of the claims to Joseph's satisfaction.

In May of 1981, Joseph submitted a claim for the silverware for $21,677.00 based upon an appraisal from a silverware retailer. In October of 1981, Aetna responded by sending Joseph an inventory and appraisal of the stolen items which valued the silverware at $4,690.00. Aetna then sent Joseph a check for that amount, with no explanation of its basis nor indication of where Joseph could go to purchase a replacement set for that sum. The $4,690.00 figure, Aetna later explained, was based upon an appraisal from their hired replacement service.

Aetna's replacement service could not furnish Joseph with a complete pattern of his silverware and he found mixed patterns unacceptable. Joseph refused the check for $4,690.00 and said that he knew of no retail outlet where the silverware was available at that price, and that he did not have access to wholesale outlets. After more than two years of struggling with Aetna, Joseph finally agreed to accept mixed patterns of silverware from the replacement service. Once he had received the replacement silverware, however, Aetna refused to pay the full price which the replacement service requested. Consequently, the replacement service repossessed the silverware.

Joseph sued Aetna for breach of its contract to pay him benefits for stolen property and for bad faith in its delay in settling the claim. The jury awarded Joseph $21,677.00 for the cost of the silverware, $5,000.00 for mental anguish, $60,000.00 in

exemplary damages and $5,000.00 in attorney's fees through the trial court plus attorney's fees of $5,500.00 for an appeal to the court of appeals and $7,500.00 for an appeal to the Supreme Court. Aetna first complains that there was no evidence or insufficient evidence that it breached its contract to pay benefits to Joseph for stolen items or that the breach was a proximate cause of Joseph's damages.

In reviewing Aetna's factual insufficiency, or great weight and preponderance of the evidence point, we must consider all of the relevant evidence in the record; the verdict may be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Clancy v. Zale Corp.,* 705 S.W. 2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). To review Aetna's legal insufficiency, or "no evidence" point, we must consider only the evidence and inferences tending to support the verdict and disregard all evidence to the contrary. *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex.1985).

The policy contained a replacement cost endorsement, which provided that, with respect to unscheduled personal property, Aetna's liability would not exceed

> "the specified limits of liability; nor the replacement cost at the time of the loss; nor the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss; nor for more than 400% of the actual cash value at the time of the loss; nor, shall it exceed the interest of the insured."

Joseph provided Aetna with an estimate of the value of the silverware in May of 1981. Aetna refused to pay the amount Joseph claimed. It offered a much lower amount, but did not inform Joseph of where he could obtain the silverware for the price Aetna offered. Aetna later attempted to replace the silverware with mixed patterns, but then refused to fully pay for the replacement silverware. Aetna neither paid the value of the stolen silverware nor replaced it. The evidence supports the jury's verdict that Aetna breached its promise to pay Joseph the replacement cost of the silverware or replace it with like kind and quality, and that the breach was a proximate cause of Joseph's damages. We overrule the first point of error.

Aetna next complains that there is insufficient evidence to support the jury's findings that Aetna breached its duty of good faith and fair dealing and that the breach was a proximate cause of Joseph's damages. The Texas Supreme Court has held that an insurer has a duty to deal fairly and in good faith with its insured. *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). The *Arnold* case holds that a cause of action for breach of this duty exists when there is no reasonable basis for a denial of a claim or a delay in payment or a failure on the part of the insurer to determine whether there is a reasonable basis for the denial or delay.

The record reflects that Aetna failed to pay the amount Joseph claimed for the silverware. Aetna tendered an amount which was inadequate to enable Joseph to purchase the silverware in the markets to which he had access. Aetna never tendered a complete set of silverware to Joseph. More than two years after the burglary, Aetna sent a set of mixed patterns to Joseph, but then refused to pay the full amount of the supplier's invoice, resulting in repossession of the silverware. Aetna has never paid Joseph the replacement cost of the silverware nor replaced it in accordance with their contract. These actions constitute not only a delay but an effective denial of Joseph's claim. There was no reasonable basis for Aetna's actions in attempting to settle the claim by tendering $4,690.00 when Joseph could not purchase the silverware for that amount. The evidence supports the jury's verdict that Aetna breached its duty of good faith and fair dealing to Joseph, and that the breach was a proximate cause of Joseph's damages.

Aetna further argues that the jury's answers to jury questions relating to a cause of action based upon the Texas De-

ceptive Trade Practices Act are insufficient to find that Aetna acted in violation of the DTPA with such frequency as to indicate a general business practice. Consequently, Aetna urges, the jury's answers cannot support a finding that Aetna violated the DTPA. TEX.BUS. & COMM.CODE ANN. § 17.41 et seq. (Vernon 1987). However, the Texas Supreme Court has held that an insured may recover under the DTPA for an insurer's failure to settle a claim in good faith without showing that the acts were committed with such frequency as to indicate a general business practice. *Vail v. Texas Farm Bureau Mutual Ins. Co.,* 754 S.W.2d 129, 134 (Tex.1988). We overrule Aetna's second point of error.

██ Aetna contends that there is no evidence or insufficient evidence to support the amount of actual damages. The jury awarded Joseph $21,677.00 on his claim for the silverware. Joseph testified that the silverware was worth in excess of $20,-000.00. Two experts respectively testified that the value of the silverware was approximately $18,000.00 and $21,000.00. This testimony was sufficient to support the jury's verdict.

██ The jury also awarded Joseph $5,000.00 for mental anguish caused by Aetna's actions on his claim. Aetna cites cases which explicitly define mental anguish. There was no definition of mental anguish in the jury charge and Aetna failed to object to its omission. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981); Tex.R.App.P. 52. Aetna has waived any error as to the definition of mental anguish. Joseph testified that he was quite upset about the negotiations with Aetna and stated that Aetna's conduct had caused him stress. This seventy-four year old man related that he no longer had any peace of mind or confidence of any kind. We hold that the evidence supports the jury's award of damages for mental anguish and overrule Aetna's third point of error.

██ Aetna argues that there is no evidence or insufficient evidence to support the jury's award of exemplary damages. The Texas Supreme Court has authorized an award of exemplary damages against an insurance company for a breach of its duty of good faith and fair dealing. *Arnold,* 725 S.W.2d at 168. In order to award exemplary damages, the jury must find that the insurance company was consciously indifferent to the rights of others. *Arnold,* 725 S.W.2d at 168; *Trenholm v. Ratcliff,* 646 S.W.2d 927, 933 (Tex.1983). The jury question was phrased in terms of conscious indifference to Joseph's rights.

██ The evidence shows that Joseph tendered an appraisal of the silverware to Aetna within three months of the burglary. It was almost one year after the burglary that Aetna sent Joseph a payment on his claim, and then the amount was far below the price at which Joseph could purchase the silverware. Two years later, after Joseph finally acquiesced to accepting replacement silverware in mixed patterns, Aetna refused to pay the silverware's cost. Joseph then had to suffer through the repossession of the replacement silverware. The evidence supports the jury's award of exemplary damages.

██ Aetna also complains that the amount of exemplary damages was excessive. The jury awarded Joseph $60,000.00 in exemplary damages. An award of exemplary damages rests in the jury's discretion and will not be set aside as excessive unless the amount is so large as to indicate that it is the result of passion and prejudice, or that the evidence has been disregarded. *Preston Carter Co. v. Tatum,* 708 S.W.2d 23, 25 (Tex.App.—Dallas 1985, no writ). Exemplary damages must be reasonably proportioned to actual damages; however, there is no set rule or ratio between the amount of actual and exemplary damages which will be considered reasonable. The determination must be made on the on the facts of each case, taking into account (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *Alamo Nat'l Bank v.*

*Kraus,* 616 S.W.2d 908, 910 (Tex.1981). Exemplary awards in cases of this character should not depend upon the rules of fair compensation but upon the rules of just punishment. When a jury honestly attempts to assess an amount which punishes a wrongdoer, which does not oppress him, but which is great enough to cause him and others similarly situated to refrain from similar acts in the future, the judgment should not be disturbed by an appellate court. *Southwestern Investment Co. v. Neeley,* 443 S.W.2d 573, 580 (Tex.Civ.App. —FortWorth 1969), *rev'd on other grounds,* 452 S.W.2d 705 (Tex.1970); *See also Mayer v. Duke,* 72 Tex. 445, 10 S.W. 565 (1889).

■ We hold that the exemplary damages, which in this case are less than two and a half times the actual damages, are reasonably proportionate to the actual damages. *See Bank of North America v. Bell,* 493 S.W.2d 633, 636 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ) (holding ratio of over three to one reasonable). In light of the jury's findings of bad faith and gross negligence on the part of Aetna, and the sensibilities of its insured, Joseph, the amount is not so large as to indicate that the jury was influenced by passion and prejudice. We overrule the fourth point of error.

■ Lastly, Aetna argues that there is no evidence or insufficient evidence to support the jury's award of attorney's fees. It contends that there is no evidence that the attorney's fees were reasonable. Award of attorney's fees in cases of an insurance company's delay in payment of losses is authorized by the Texas Insurance Code. TEX.INS.CODE ANN. § 3.62–1 (Vernon 1981). The amount of attorney's fees must be reasonable and supported by competent evidence. *Great American Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 906–07 (Tex.1966).

■ Mr. Black, Joseph's attorney, testified that he had expended approximately fifty hours on the case and had agreed to charge Joseph a reasonable fee. Furthermore, both parties agreed to permit Mr. Black to stipulate to an hourly rate of

$150.00. We hold that the evidence is sufficient to support the award of attorney's fees. We overrule Aetna's final point of error and, accordingly, affirm the trial court's judgment.