**Anil GOSWAMI, Appellant,**

v.

**Sheri Dawn THETFORD, Appellee.**

**No. 08–91–00319–CV.**

Court of Appeals of Texas,
El Paso.

April 8, 1992.

Rehearing Overruled April 29, 1992.

H. Thomas Hirsch, H. Thomas Hirsch & Associates, P.C., Odessa, for appellant.

Michael McLeaish, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a judgment rendered in the 358th District Court of Ector County against an employer for uninvited and unwelcomed sexual advances toward a female employee. The jury awarded actual damages in the amount of $5,000 and punitive damages in the amount of $95,000. We affirm.

The Appellant brings five points of error. The Appellant argues first that the trial court erred in admitting improper character evidence against him. Second, he contends that the trial court erred in disallowing a definition of extreme and outrageous conduct in the jury charge. Third, he asserts that the trial court erred in allowing a definition of severe emotional distress. Fourth, he claims that reversible error was caused by incurable jury argument. Finally, he maintains that the punitive damages were excessive.

## I. SUMMARY OF THE EVIDENCE

In March 1987, Appellee was employed by the Appellant, Anil Goswami, M.D., as an office manager/bookkeeper at the Appellant's emergency medical care business, Emergicenter, located in Odessa, Texas. Appellee testified that on the second day of her minimum-wage employment, she was directed by the Appellant to go to the lounge area of the business where he proceeded to kiss the Appellee on the forehead, neck and areas near the mouth. On the fourth day of her employment, Appellant persisted in asking Appellee out to dinner for the purpose of discussing business. Appellee testified that on that same day, Appellant came up behind her and proceeded to run his hand along her back,

down to the top of her buttocks. Appellee testified that the following day, Appellant cornered her in his office, got up against her and once again asked her to go out and have drinks with him for the purpose of discussing business. On the sixth day of her employment, Appellant again repeatedly asked the Appellee to go out to dinner with him and have drinks and discuss business. On the following day, Appellee was asked by Appellant to follow him to his residence to meet his wife and son and for the purpose of discussing business. Appellant's wife had called his place of business earlier that day. Appellee testified that upon arrival at her employer's residence, she was offered two drinks, one of which tasted bitter. Appellee was advised by the Appellant that his wife was in San Antonio, having left him earlier that day. Appellee testified that Appellant discussed his marital problems with her, then grabbed her, forced her down on a couch and got on top of her. Appellee, in further describing her encounter with her employer, stated that he massaged her top, grabbed her between her legs, ran his tongue down her throat and around her neck and grabbed her breasts. She testified that while on the couch, she urinated out of fright. She further testified that while she attempted to leave, he grabbed her once again, digging into her skin and between her buttocks, trying to penetrate her in two areas, until she began to cry, getting hysterical. Appellee testified that upon fleeing her employer's residence, she felt disoriented, feeling "funny" from the second drink given her. She stated that while driving home, she noticed the Appellant who followed her to her residence with his lights off. Appellee further stated that upon arriving at her steps, she feared not being able to enter before he got her again. In fact, Appellant did again accost her at her front door, grabbing her forcibly between her legs and pushing up against her, as if trying to penetrate her through her clothing. The Appellee eventually screamed, causing Appellant to panic and flee. Appellee finally testified that while she suffered no physical injuries, she has had recurring nightmares, and the incidents have altered her relationships with men. Appellee stated that she quit her job with Dr. Goswami the following day, less than one week after commencement of her employment.

Appellant denied that any of the sexual advances occurred.

## II. POINTS OF ERROR ASSERTED

■ In his first point of error, Appellant asserts that the trial court erred in admitting improper character evidence against the Appellant by allowing two former female employees to testify as to prior uninvited and unwelcomed sexual advances of the Appellant in order to show that he acted in conformity therewith. The Appellee called one former employee who testified that while working for the Appellant, he made uninvited and unwelcomed advances toward her and persisted in attempting to kiss her. The former employee further testified that she rejected his advances and shortly thereafter, was terminated from his employment. The Appellee additionally called a second former employee who testified that the Appellant likewise made several uninvited and unwelcomed advances toward her and, at one point, told her of his desire to lick her genital area. The second witness testified that she quit working for the Appellant because he would not leave her alone.

With limited exceptions, character evidence is generally not admissible to show that a person acted in conformity with the characteristic on a particular occasion. Tex.R.Civ.Evid. 404. However, in the instant case, Appellant failed to object to the testimony of the two former employees and, therefore, waived any right to appeal the admissibility of Appellant's prior sexual conduct. Point of Error No. One is overruled.

■ In his second point of error, Appellant contends that the trial court erred in disallowing a definition of extreme and outrageous conduct in the jury charge. Appellant claims that such exclusion led to confusion because the term was legal and technical and was misleading under the circum-

stances. The trial court has broad discretion in deciding whether the instructions to be submitted to the jury are proper to enable the jury to render a verdict. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 256 (Tex.1974). However, the only requirement to be observed is that the trial court must give definitions of legal and other technical terms. *Rendon v. Texas Employers' Insurance Association*, 599 S.W.2d 890, 896 (Tex.App.—Amarillo 1980, writ ref'd n.r.e.).

■ The failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment. Tex.R.Civ.P. 278. We have carefully reviewed the entire record and find that Appellant has failed to meet the requirements of Rule 278 for the preservation of error. In particular, Appellant failed to request a definition of extreme and outrageous conduct in substantially correct wording and further failed to tender the proposed definition to the trial court. Consequently, Appellant has waived any right to complain of the trial court's actions in this regard. Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant asserts that the trial court erred in allowing an extraneous and misleading definition of severe emotional distress in the jury charge. In particular, Appellant maintains that the definition included in the charge described emotional distress rather than extreme and outrageous conduct.

■ A review of the record once again discloses that Appellant has failed to preserve error by not objecting to the submission of the above definition. A party objecting to a charge must point out distinctly the objectional matter and the grounds of the objection. *Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986). Any complaint as to a definition or instruction on account of any defect, omission or fault in pleading is waived unless specifically included in the objection. Tex.R.Civ.P. 274; *Southwestern Bell Telephone Company v. Ramsey*, 542 S.W.2d 466, 476 (Tex.Civ.

App.—Tyler 1976, writ ref'd n.r.e.). Accordingly, Point of Error No. Three is overruled.

In Point of Error No. Four, Appellant claims that the trial court erred in permitting Appellee's counsel to make an incurable jury argument in appealing to the jurors to place themselves in the shoes of the Appellee. Appellant contends that the argument required the jurors to abandon their role as disinterested triers of fact. Appellant complains of the following jury argument:

> When you have nausea, when you're urinating on yourself out of fear, that when people are grabbing you and on top of you, there is some physical pain but not very much.

> .    .    .    .    .

> [F]or example, one of you guys gets put in a jail and has this same thing happen to you that happens to Ms. Thetford, think about it. Is it something you would remember for quite a while? Is it something that you might have nightmares about? Or is it something that you just, you know, a guy just tried to sexually assault me and, gee, I forgot it the next day and everything was rosy. I think not. But you're the judge of that.

■ To complain of improper jury argument, a party must show that the argument was (1) error; (2) not invited or provoked; (3) preserved by a proper objection, motion to instruct or motion for mistrial; and (4) not curable by instruction, prompt withdrawal or reprimand by the trial judge. *Standard Fire Insurance Company v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979); *Reviea v. Marine Drilling Company*, 800 S.W.2d 252, 258 (Tex.App.—Corpus Christi 1990, writ denied).

■ In the instant case, Appellant again failed to preserve error for review by failing to object, by failing to request an instruction or move for a mistrial and by failing to otherwise preserve his complaint through the use of proper trial predicate. However, an objection is not required in order to preserve error if the error is deemed to be incurable. *Otis Elevator*

*Company v. Wood,* 436 S.W.2d 324, 333 (Tex.1968).

■ The test for incurable error is whether the argument, viewed in light of the entire record was so inflammatory, or so harmful or acutely prejudicial that an instruction from the court to disregard would not have eliminated the probability that an improper verdict was rendered. *Williams v. Lavender,* 797 S.W.2d 410, 413 (Tex.App.—Fort Worth 1990, writ denied).

■ Upon a careful review, we find that the record fails to reveal that the argument was so prejudicial as to cause an improper verdict. Although the argument did suggest that the jury remove itself from its role as an independent fact finder and put itself in the place of the Appellee, the argument was not inflammatory or lengthy. The Appellant has failed to establish that an instruction from the trial court would not have cured the error, or further, that the argument caused the jury to render a verdict they otherwise would not have rendered. Accordingly, Appellant has once again waived any error by his failure to object to the argument at trial and has further failed to meet the established test for incurable jury argument. Point of Error No. Four is overruled.

By his fifth and final point of error, Appellant argues that the punitive damages awarded by the jury were the product of passion rather than reason and should be set aside as excessive.

■ This Court has recently held that the purpose of exemplary damages is to deter the wrongdoer and prevent future harms of the same nature. To do so, the "punishment should fit the crime." *State Farm Mutual Automobile Insurance Company v. Zubiate,* 808 S.W.2d 590, 602 (Tex.App.—El Paso 1991, writ denied). When a jury honestly tries to set an amount which punishes a wrongdoer which does not oppress him but which is great enough to cause him and others similarly situated to keep from committing similar future acts, the judgment should not be disturbed by the appellate courts. *Aetna Casualty and Surety Co. v. Joseph,* 769

S.W.2d 603, 605, 608 (Tex.App.—Dallas 1989, no writ). There is no exact formula in setting the amount of punitive damages. *Wright v. Gifford–Hill & Company, Inc.,* 725 S.W.2d 712, 714 (Tex.1987). There are guidelines however, such as the following five factors to be considered in reviewing an award of exemplary damages:

(1) the nature of the wrong;
(2) the character of the conduct involved;
(3) the degree of culpability of the wrongdoer;
(4) the situation and sensibilities of the parties concerned; and
(5) the extent to which such conduct offends a public sense of justice and propriety.

*Id.* at 714; *Alamo National Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981).

■ Appellant's uninvited and unwelcomed sexual advances toward his employee are of such a nature that our society has rightfully moved to denounce them. Whether the amount is excessive is a question of fact and depends on all of the surrounding circumstances of each case, so long as the exemplary damages are reasonably proportioned to the actual damages. *Wright,* 725 S.W.2d at 714; *Alamo,* 616 S.W.2d at 910. Although the amount of exemplary damages is left to the discretion of the jury, it will be set aside if it is so large as to indicate that it was the result of passion or prejudice or that the evidence has been disregarded by the jury. *Aetna,* 769 S.W.2d at 607.

■ The amount of punitive damages in this case does not indicate that it was the product of passion, nor does it indicate that the jury disregarded the evidence of the case. Rather, given the nature of the Appellant's actions in his position as an employer, the character of his conduct, the situation and sensibilities of the parties, particularly the Appellee as an employee; moreover, the extent to which this employer's conduct offends the public's sense of justice and propriety, the evidence fully and completely supports the award of punitive damages in the amount of $95,000, 19 times the amount of the actual damages. The amount is not excessive, especially in

light of the jury's finding that the Appellant's conduct toward Appellee was extreme and outrageous. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.