**GUNN INFINITI, INC., Appellant,**

v.

**Donald O'BYRNE, Appellee.**

**No. 04–97–00270–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 2, 2000.

Jonathan Yedor, San Antonio, for Appellant.

Harry B. Adams, III, Adams & Flake, Universal City, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

**OPINION**

Opinion by: PHIL HARDBERGER, Chief Justice.

This case is on remand from the Texas Supreme Court. The jury in this case found that Gunn Infiniti, Inc. ("Gunn Infiniti") knowingly engaged in conduct that

---

violated the Texas Deceptive Trade Practices Act and committed common law fraud in its dealings with Donald O'Byrne ("O'Byrne"). The jury awarded O'Byrne: (1) $10,500 in damages for the difference in the fair market value of the car Gunn Infiniti sold O'Byrne in the condition it was sold and the value the car would have had if it had been in the condition represented; (2) $11,000 in damages for mental anguish; and (3) $50,000 in additional and exemplary damages. The jury also awarded O'Byrne attorneys' fees.

In our original opinion, we affirmed the trial court's judgment based on the jury's verdict. *See Gunn Infiniti, Inc. v. O'Byrne*, 963 S.W.2d 787 (Tex.App.—San Antonio 1998), *rev'd*, 996 S.W.2d 854 (Tex. 1999). The Texas Supreme Court, however, held that there was no evidence to support O'Byrne's recovery of mental anguish damages and reformed the award of DTPA damages to $31,500, or three times O'Byrne's benefit-of-the-bargain damages of $10,500. *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d at 861. The Court remanded the DTPA claim to this court to consider Gunn Infiniti's point of error as to the amount of attorney's fees recoverable under the DTPA. *See id.* The Court also remanded O'Byrne's alternative fraud theory for this court to determine the effect, if any, the reduction in actual damages has on the factual sufficiency of the evidence supporting the exemplary damages award. *See id* at 861–82. The Court then instructed that after we resolved the two issues on remand, O'Byrne would be entitled to elect his remedy under either the DTPA or common-law fraud. *See id.* at 862.

### ATTORNEY'S FEES

O'Byrne concedes that the reduction in actual damages should result in a reduction of attorney's fees awarded him because of his election to take a percentage of damages awarded. In the event O'Byrne elects to recover under his DTPA claim, therefore, the judgment should be reformed to reflect an award of attorney's fees in an amount equal to 33% of $31,500

(the damages awarded under the DTPA as reformed by the Texas Supreme Court).

### EXEMPLARY DAMAGES

In our original opinion, we noted that in determining whether to award punitive damages, a jury is to consider: (1) the nature of the wrong; (2) the character of the conduct; (3) the degree of culpability; (4) the situation and sensibilities of the parties; (5) the offensiveness of the conduct to a public sense of justice and propriety; and (6) the size of an award needed to deter similar future conduct. *See Gunn Infiniti, Inc.*, 963 S.W.2d at 798. We held that the evidence was sufficient to support the exemplary damages award, asserting:

[T]here is evidence showing wilful misrepresentation: Gunn representatives knew about body damage and repairs, both relatively minor and more extensive, and in spite of repeated questions by O'Byrne, determined for themselves that those repairs were not material and did not need to be disclosed. The fact that some employees were not aware of the extent of the repairs performed does not aid Infiniti. Rather, it suggests that those who *should* have known—individuals involved in direct sales to customers—*did not* know, and it raises some questions as to why this should be. There was testimony that Gunn Infiniti had a policy of not disclosing repairs. Although Gunn representatives testified that this policy only addressed minor lot damage and that employees were instructed to disclose even this when asked, a jury was entitled to find that any non-disclosure policy constituted outrageous conduct. Further, the Gunn representatives' unilateral determination that a hood replacement did not constitute material repair that a customer should know about may also be viewed as outrageous. This is conduct the jury may have wished to deter through an award of exemplary damages.

*Id.* at 798–99.

Contrary to the issues briefed by Gunn Infiniti, we do not read the Texas Supreme

Court's opinion as requiring us to revisit the sufficiency of the evidence to support *an* exemplary damage award. Even if the opinion were to be read this way, we would reach the same result for the reasons previously given.[1] The fact that the mental anguish suffered by O'Byrne was held not to be compensable by the Texas Supreme Court does not alter the nature of his suffering or the conduct that caused it. It simply means that O'Byrne's testimony regarding the nature of his suffering was not sufficient evidence to rise to the level of "a high degree of mental pain and distress" that is "more than mere worry, anxiety, vexation, embarrassment, or anger." *Gunn Infiniti, Inc.,* 996 S.W.2d at 861.

We do read the Texas Supreme Court's opinion as requiring us to revisit the sufficiency of the evidence to support *the amount* of the award. The Court cites *Southwestern Inv. Co. v. Neeley,* 452 S.W.2d 705, 707–08 (Tex.1970), in support of its decision to remand. *See Gunn Infiniti, Inc.,* 996 S.W.2d at 861–62. In *Neeley,* the Court held that "when a court of civil appeals suggests a remittitur of a substantial portion of the actual damages found by a jury, the court of civil appeals is under an obligation to give consideration to the ratio between exemplary and actual damages as established by the jury in passing on the further question of excessiveness of exemplary damages." 452 S.W.2d at 708. Under that holding, a reduction in actual damages calls into question the "excessiveness" or "amount" of the exemplary damages award, not the finding that exemplary damages are warranted. The Court also cites to its decision in *Tatum v. Preston Carter Co.,* 702 S.W.2d 186 (Tex.1986), in which the Court held that a court of appeals erred in ordering a reduction in exemplary damages based on the same proportion by which the actual damages were reduced. In *Tatum,* the Court cautioned that where the actual damages are reduced, the same factors considered in determining the reasonableness of an exemplary damages award must be considered in determining the reasonableness of the resulting proportion between the reduced actual damages and the exemplary damages. 702 S.W.2d at 188.

In *Neeley,* the reduction in actual damages caused the ratio between actual damages and punitive damages to increase from approximately four to one to approximately twenty-eight to one. 452 S.W.2d at 705. In *Tatum,* the reduction in actual damages caused the ratio to increase from approximately two to one to approximately seven and one-half to one. 702 S.W.2d at 188. In this case, the reduction in actual damages only caused the ratio to increase from approximately two to one to approximately five to one. Although we are bound to consider the change in the ratio that was established by the jury, we also must consider the other factors the jury was instructed to consider in reaching its award. *See Tatum,* 702 S.W.2d at 188.

In assessing exemplary damages, the jury was properly instructed to consider six factors. Out of those six factors, only one factor—the situation and sensibilities of the parties—included any consideration of O'Byrne's mental anguish. The other five factors—the nature of the wrong, the character of the conduct, the degree of culpability, the offensiveness of the conduct to a public sense of justice and propriety, and the size of the award needed to deter similar conduct in the future or the net worth of the defendant—focus on the reprehensibility of the conduct itself, its offensiveness to the public at large and the need to deter similar future conduct. *See Gunn Infiniti, Inc.,* 963 S.W.2d at 798 (listing factors to be considered). The jury's award of mental anguish damages possibly had some effect on the jury's assessment of exemplary damages. The effect though, if any, is only a partial one.

---

1. We also reject Gunn Infiniti's contention that exemplary damages could not be awarded based on the nature of the actual damages awarded, i.e., benefit-of-the-bargain damages.

*See Peco Const. Co. v. Guajardo,* 919 S.W.2d 736, 741 (Tex.App.—San Antonio 1996, writ denied)

The exemplary damages instruction directs the jury's attention primarily to (1) the wilful nature of Gunn Infiniti's misrepresentation; (2) the outrageous nature of Gunn Infiniti's non-disclosure policy; and (3) Gunn Infiniti's unilateral determination that a hood replacement did not constitute a material repair. *See Gunn Infiniti, Inc.,* 963 S.W.2d at 798–99. None of these change whether there are mental anguish damages or not. We conclude that a reasonable award of exemplary damages would be $40,000 and that the award of $50,000 is excessive by $10,000.

## CONCLUSION

O'Byrne originally elected his remedy under the DTPA, and the judgment based on that election is affirmed as reformed and modified by this opinion and the opinion of the Texas Supreme Court. The Texas Supreme Court has instructed that O'Byrne is entitled to make a new election based on our resolution of the issues we have considered in this opinion. This cause is remanded to the trial court to permit O'Byrne to make his election.