The ALAMO NATIONAL BANK et
al., Petitioners,

v.

John W. KRAUS, Jr. et al., Respondents.

No. B–8901.

Supreme Court of Texas.

April 22, 1981.

Rehearing Denied June 30, 1981.

Matthews, Nowlin, Macfarlene & Barrett, F. W. Baker, R. H. Mercer, Groce, Locke & Hebdon, Jack Hebdon and Thomas H. Crofts, Jr., San Antonio, Graves, Dougherty, Hearon & Moody, Robert Hearon, Austin, for petitioners.

Fred A. Semann, Sam C. Bashara, San Antonio, for respondents.

CAMPBELL, Justice.

This is a personal injury and wrongful death case. A jury found that Defendants Alamo National Bank and Kelly Salvage Company acted with negligence and gross negligence which proximately caused the death of Nancy Marie Kraus and the injury of her son, John L. Kraus. The trial court disregarded a jury finding and denied recovery against the Bank. Judgment was rendered against Kelly Salvage Company

for actual and exemplary damages. The Court of Civil Appeals reformed the trial court's judgment and decreed that plaintiffs recover actual and exemplary damages from Alamo National Bank and affirmed the judgment against Kelly Salvage Company. 586 S.W.2d 202. We affirm the judgment of the Court of Civil Appeals.

Alamo National Bank owned the Old Household Furniture Store building. The building was a three-story masonry structure located across St. Mary's Street from the Bank in downtown San Antonio. The west wall of the building faced St. Mary's Street and the Bank.

In April 1976, the Bank contracted with Kelly Salvage Company to demolish the building. Demolition began on April 23 under a demolition permit issued by the City. Rather than demolish the building one story at a time, Kelly Salvage demolished the building in vertical sections beginning with the east wall. Two interior limestone walls, which ran parallel to the east and west walls, divided the building into thirds. First, the roof on the east one-third was removed and that section was demolished. Second, the roof on the middle one-third was removed and that section was demolished. The last section to be demolished was the west one-third which faced St. Mary's Street.

About 5 p. m. on September 14, the west wall of the building fell across St. Mary's Street and on a car driven by Nancy Marie Kraus. Mrs. Kraus was killed and her minor son, John L. Kraus, was injured. The wall was supported by five three-quarter inch steel cables. However, the steel support to the wall had been removed, the load support members had been cut, and the wall was not laterally braced.

John W. Kraus, Jr., individually and as next friend of his minor son, John L. Kraus, and Fred and Letty Petty, the surviving heirs of Nancy Marie Kraus, sued Alamo National Bank and Kelly Salvage, for the death of Mrs. Kraus and personal injuries to her son, John L. Kraus. A jury found:

(1) Kelly Salvage was negligent and acted with gross negligence in its demolition of the Old Household Furniture Store building and such negligence and gross negligence proximately caused the occurrence in question; (2) the demolition of the Old Household Furniture Store building was inherently dangerous work and Alamo National Bank knew, contemplated, had reason to know, or had reason to contemplate that the demolition of the building was inherently dangerous work when it hired Kelly Salvage Company; and (3) Alamo National Bank was negligent and acted with gross negligence in connection with the demolition of the Old Household Furniture Store building and such negligence and gross negligence proximately caused the occurrence in question.

The jury awarded the following damages:

(1) $20,000 actual damages to John W. Kraus, Jr.;

(2) $226,000 actual damages to John L. Kraus;

(3) $5,000 actual damages to Fred Petty;

(4) $5,000 actual damages to Letty Petty;

(5) $500,000 exemplary damages to John W. Kraus, Jr. against Alamo National Bank;

(6) $500,000 exemplary damages to John L. Kraus against Alamo National Bank;

(7) $500,000 exemplary damages to John W. Kraus, Jr. against Kelly Salvage; and

(8) $500,000 exemplary damages to John L. Kraus against Kelly Salvage.

The trial court disregarded the jury's finding of inherently dangerous work and rendered judgment that plaintiffs take nothing against Alamo National Bank. The trial court rendered judgment on the verdict against Kelly Salvage.[1]

The Court of Civil Appeals reformed and affirmed the judgment of the trial court. It rendered judgment that John W. Kraus, Jr. recover the following damages: $25,-

---

1. The judgment awarded actual damages of $25,803.46 to John W. Kraus, Jr. This amount included the $20,000.00 jury award and $5,803.46 agreed medical and funeral bills of Nancy Marie Kraus.

803.46 in actual damages against Alamo National Bank and Kelly Salvage; $500,000 in exemplary damages against Alamo National Bank; and $500,000 in exemplary damages against Kelly Salvage.[2] Alamo National Bank argues that the award of exemplary damages to John W. Kraus, Jr. is excessive and disproportionate to the actual damages awarded.

■ Exemplary damages must be reasonably proportioned to actual damages. *Southwestern Investment Company v. Neeley*, 452 S.W.2d 705 (Tex. 1970); *Fort Worth Elevators Company v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934). *See also* Comment, *The Reasonable Ratio Between Exemplary And Actual Damages In Texas*, 10 Hous.L.Rev. 131 (1972); Comment, *Required Ratio of Actual To Exemplary Damages*, 25 Baylor L.Rev. 127 (1973). There can be no set rule or ratio between the amount of actual and exemplary damages which will be considered reasonable. This determination must depend upon the facts of each particular case. *First Security Bank & Trust Company v. Roach*, 493 S.W.2d 612 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Cain v. Fontana*, 423 S.W.2d 134 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.). Factors to consider in determining whether an award of exemplary damages is reasonable include (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *First Security Bank & Trust Company v. Roach, supra; Cain v. Fontana, supra.*

■ Whether the amount of damages awarded by the jury is excessive is a question of fact over which this Court has no jurisdiction. *Southwestern Investment Company v. Neeley, supra; Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959). Whether the Court of Civil Appeals applied an erroneous standard in determining the excessiveness of damages presents a question of law within the jurisdiction of

this Court. *Flanigan v. Carswell, supra; Dallas Railway & Terminal Company v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017 (1950). The Court of Civil Appeals applied the proper standards for reviewing an award of exemplary damages for excessiveness. 586 S.W.2d at 207–08.

The Old Household Furniture Store building demolition site was located directly across St. Mary's Street from the Alamo National Bank. The officers and directors of the Bank had regular visual contact with the deteriorating condition of the building as Kelly Salvage removed the support from the three-story walls. Several witnesses testified that the west wall was leaning toward St. Mary's Street up to two weeks before it collapsed. A local television station broadcast an interview with a safety engineer about the wall and the potentially dangerous condition it created.

About noon the day the wall fell, Benton Davies notified Mary Frances Keller, an Assistant Vice President of the Bank, that the west wall was leaning toward St. Mary's Street and constituted a dangerous condition. Ms. Keller immediately told Bradford Breuer, a Vice President, who was in charge of the demolition project. Mr. Breuer took no action. Throughout the demolition project, the Bank and its officers and directors did nothing to protect the safety of pedestrians and motorists who passed beneath the west wall.

■ The jury found that Alamo National Bank was negligent and acted with gross negligence in the demolition of the Old Household Furniture Store building and the negligence and gross negligence proximately caused the occurrence in question. The owner or occupant of premises abutting a highway has a duty to exercise reasonable care not to jeopardize or endanger the safety of persons using the highway as a means of passage or travel. The owner or occupant is liable for any injury that proximately results from his negligence. *Atchison v. Texas & P. Ry. Co.*, 143 Tex. 466, 186 S.W.2d 228 (1945); *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863 (Tex.Civ.App.—Amar-

---

**2.** Kelly Salvage does not complain that the award of exemplary damages is excessive.

illo 1941, writ ref'd); W. Prosser, Law of Torts § 57 (4th ed. 1971). *See also* Restatement (Second) of Torts §§ 368, 414A (1965).[3] Delegating this duty to an independent contractor does not relieve the owner or occupant of liability for his own negligence. *Moore & Savage v. Kopplin*, 135 S.W. 1033 (Tex.Civ.App. 1911, writ ref'd); W. Prosser, Law of Torts § 71 (4th ed. 1971).

The trial court submitted a definition of inherently dangerous work which Alamo National Bank contends is incorrect because it does not limit inherently dangerous work to that work which creates a peril no matter how skillfully performed. We do not reach this question because the Court of Civil Appeals reformed the judgment of the trial court and properly rendered judgment against Alamo National Bank upon the negligence findings by the jury. Error, if any, in submitting this definition of inherently dangerous work was harmless because it was not reasonably calculated to cause nor did it probably cause the rendition of an improper judgment. Rule 434, Tex.R.Civ. Pro.

The judgment of the Court of Civil Appeals is affirmed.

---

3. § 368. Conditions Dangerous to Travelers on Adjacent Highway.
A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
   (a) are traveling on the highway, or
   (b) foreseeably deviate from it in the ordinary course of travel.

§ 414A. Duty of Possessor of Land to Prevent Activities and Conditions Dangerous to Those Outside of Land.
A possessor of land who has employed or permitted an independent contractor to do work on the land, and knows or has reason to know that the activities of the contractor or conditions created by him involve an unreasonable risk of physical harm to those outside of the land, is subject to liability to them for such harm if he fails to exercise reasonable care to protect them against it.