**COUNTRY ROADS, INC., Appellant,**

v.

**Gregory Scott WITT, Appellee.**

**No. C14–86–417–CV.**

Court of Appeals of Texas, Houston (14 Dist.).

July 30, 1987.

David B. Weinstein, Houston, for appellant.

Harry N. Monck, Robert Wallis, Clinard J. Hanby, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is a civil suit for damages for assault and battery. The primary issue of this appeal is whether Country Roads, Inc., appellant, can be held vicariously liable for actual damages caused when one of its employees assaulted a customer, Gregory Scott Witt, appellee. Finding that the employee of Country Roads was acting within the scope of his employment, we affirm the judgment of the trial court.

The Rockers Club is a Houston night club, owned and operated by Country Roads, Inc. In 1982 its head doorman was Norman Joseph Thomas. His responsibilities included the hiring, firing and supervising of twelve to fifteen other doormen. In the early morning hours of December 27, 1982, an employee of the club determined that Gregory Scott Witt, a young customer, had had too much to drink. He escorted Witt to the front door, took the drink he had just purchased from his hands, and threw it away. Witt attempted to push the employee away but was seized by two other employees, pushed out the front door

and held, with his arms pinned by the two men, while a third employee, Norman Joseph Thomas, repeatedly hit Witt in the face with his fists. As a result of the beating, Witt's face and body were badly bruised. Although no bones were broken, he suffered numerous lacerations. Witt subsequently sued both Thomas and his employer, Country Roads, but was unable to obtain service upon Thomas. Country Roads was the sole defendant at trial. Upon submission of special issues a jury found that an employee or employees acting within the course of their employment had assaulted Witt, causing injuries and actual damages in the amount of $15,500. The jury further found that the employee or employees acted with malice and awarded punitive damages in the amount of $50,000.

■ This case is governed by the doctrine of respondeat superior: it is well established in Texas that an employer is liable for the willful and malicious acts of its employee when done within the scope of his employment. *Houston Transit Co. v. Felder*, 146 Tex. 428, 208 S.W.2d 880, 881 (1948). Under this doctrine, liability is also imputed to the employer for any act connected with performance of the employee's duties or arising from those duties. *Id.* at 881. An employer may be held liable even if the act of the employee is contrary to the express orders of the employer, if the employee's act was within the general scope of his authority. *International & Great N. Ry. Co. v. Anderson*, 82 Tex. 516, 17 S.W. 1040 (1891). Texas law also provides that an employer is liable for punitive damages assessed because of acts of its employee if the employee was employed in a managerial capacity and was acting in the scope of his employment or the employer ratified or approved the act. *Purvis v. Prattco, Inc.*, 595 S.W.2d 103, 104 (Tex. 1980); *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967).

■ In its second and third points of error, appellant asserts that the trial court erred in entering judgment for Witt. Appellant does not contest the managerial status of Thomas but focuses its argument on its contention that there is no evidence or factually insufficient evidence to establish that the assault on Witt arose directly out of, and was done in furtherance of, the business that Thomas was employed to do. Where an appellant attacks the legal sufficiency of the evidence, an appellate court will review only that evidence which supports the verdict. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex.1986). Where the appellant's challenge is to the factual sufficiency of the evidence, then this court must consider all the evidence. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

■ Appellant contends that the only evidence regarding the extent of Thomas' responsibilities as head doorman at the club was the testimony of Mr. Mike Siam, an owner of the club, who stated that Thomas and all "doormen" and "floormen" had been regularly instructed that their job was only to monitor the patrons' compliance with age restrictions and dress code. He further testified that the employees were not to handle disturbances involving physical violence; in such a situation they were to summon a police officer. Uniformed Houston police officers were on duty in the club at all times. Therefore, appellant argues, there is no credible evidence that the position of head doorman permitted Thomas to use violent force upon Witt, especially outside the door of the club.

Much evidence contradicts the contentions of appellant. Mr. Siam also testified that if an inebriated patron resisted being ushered to the door, the employees were authorized to use force equal to the customer's force to get him to the door. He further admitted that Thomas was authorized to use force whenever a customer became "unruly or angry." The force exercised by Thomas could have been substantial. He was described as a heavy-set weight lifter, approximately six feet in height, weighing over 250 pounds, "the kind of a guy who takes steroids." Two witnesses for appellee testified that, as club customers, they also had been kicked and beaten by Thomas and required hospitalization as a result. Mr. Siam admitted

he knew of at least six lawsuits for assault filed against Country Roads pending at the time of trial. From such evidence the jury could reasonably have concluded that by its continued employment of Thomas, after it knew of his excessive use of force, Country Roads was condoning his violent behavior. Country Roads' admonitions were meaningless in the light of its conduct. We hold that the evidence is legally and factually sufficient to support the jury's finding that an employee or employees acted within the scope of employment at the time of the assault on Witt. The trial court did not err in entering judgment for both actual and punitive damages against Country Roads based upon its vicarious liability for acts of its employees. Appellant's second and third points of error are overruled. Since the evidence supports the "scope of employment" test of vicarious liability, it is unnecessary for us to address appellant's first point of error, concerning an alternative theory of employer liability.

◼ In its fourth point of error appellant contends that there is no evidence or insufficient evidence to support the jury's award of $15,000 for physical pain, mental anguish, humiliation,. and embarrassment. On the contrary, we find that the preponderance of the evidence supports the amount of damages awarded for physical pain and mental anguish. Witt testified that following the assault he was taken to the hospital by his parents where he was x-rayed and his wounds were cleaned. Although he required no additional medical treatment, he stated, "I was pretty sore for about a month." The most telling evidence of the extent of Witt's injuries were photographs taken a day after the assault. They depict a badly beaten youth. Both eyes were surrounded by bruises; one was swollen shut. The right upper lip was swollen so that it covered the lower lip. There were abrasions on the chest. The jury could reasonably infer from such descriptive evidence that Witt suffered both physical pain and embarrassment in the weeks following the assault. From the evidence that he was twice forcibly ejected from a public club, a jury could infer that a nineteen-year-old would be humiliated. It is well established in Texas law that mental

anguish may be inferred from circumstantial evidence. *See Moore v. Lillebo,* 722 S.W.2d 683, 688 (Tex.1986); *Malone & Hyde, Inc. v. Hobrecht,* 685 S.W.2d 739, 745 (Tex.App.–San Antonio 1985, writ dis'd by agr.). Such suffering may be presumed where it is the natural consequence of the plaintiff's injury. *Qualls v. Miller,* 414 S.W.2d 746, 748 (Tex.Civ.App.—Texarkana 1967, writ dism'd). In cases where the plaintiff seeks unliquidated damages for a pecuniary loss, the law does not provide a precise measure for recovery. *Malone,* 685 at 746. The amount to be recovered rests primarily within the discretion of the jury; it will not be disturbed on appeal on the ground of excessiveness in the absence of a clear showing of passion, bias, or prejudice and a finding that the award is so excessive as to shock the conscience of the court. *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 865 (Tex.App.–Houston [1st Dist.] 1987, writ requested); *J.V. Truck Lines, Inc. v. Larson,* 663 S.W.2d 37, 42 (Tex. App.–Houston [14th Dist.] 1983, writ ref'd n.r.e.). We conclude that the evidence is both legally and factually sufficient to support the jury's award. Appellant's fourth point of error is overruled.

In response to special issues, the jury found that Thomas acted with malice toward Witt and awarded $50,000 in punitive damages. Malice was defined as follows:

"Malice." The illwill, bad or evil motive, or that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person affected by it. Malice may be inferred by the actions and conduct of the wrongdoer.

In its fifth point of error, appellant complains that the evidence is factually insufficient to support an award of $50,000 in punitive damages against Country Roads. Its contention is that the award is excessive since Witt was only in pain for a month, that Thomas' actions were unforeseeable, and that it would serve no social purpose to punish "an innocent employer." We disagree.

◼ The Supreme Court of Texas has held that punitive damages must be proportioned to actual damages. *Alamo Nation-*

*al Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). There is no set ratio between the damage awards by which the appellate court is to make a purely objective determination of that which will be considered reasonable. *Id.* at 910. In determining whether an award of punitive damages is reasonable the following factors must be considered: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice. *Id.* at 910.

The testimony of bludgeoned customers and the evidence of six pending lawsuits for assault showed a pattern of violence that Country Roads apparently was willing to tolerate. The record clearly demonstrates that the employees of Country Roads were using excessive force, that Country Roads knew of the potential danger to which its customers were exposed, and that Country Roads was consciously indifferent to the rights and welfare of those customers. Country Roads cannot be characterized as "an innocent employer." We hold that there is sufficient evidence to support the award of punitive damages in the amount of $50,000. Point of error five is overruled.

The judgment of the trial court is affirmed.