**LEONARD & HARRAL PACKING COMPANY d/b/a L & H Packing Company, Petitioner,**

v.

**Ivan WARD d/b/a Ward Feed Yard, Respondent.**

No. 94–1184.

Supreme Court of Texas.

April 12, 1996.

Rehearing Overruled Feb. 21, 1997.

Michael Shearn, San Antonio, for Petitioner.

Charles Buenger, Katherine French Dow, Waco, for Respondent.

**OPINION**

PER CURIAM.

In *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10, 31 (Tex.1994), we held "that the court of appeals, when conducting a factual sufficiency review of a punitive damages award, must hereafter detail the relevant evidence in its opinion, explaining why that evidence either supports or does not support the punitive damages award in light of the [*Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981)] factors." In *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 799 (Tex.1994), we held that the review required by *Moriel* "should be applied to a pending case in which a party has preserved the complaint that the court of appeals failed to properly scrutinize a punitive damage award." In *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 183 (Tex.1995), we required that this *Kraus* review be applied to an award of additional damages under the Deceptive Trade Practices—Consumer Protection Act (DTPA), TEX.BUS. & COM.CODE § 17.50(b).

In the case now before us petitioner complains that the court of appeals concluded it was not required to follow *Moriel* and *Keever*

in reviewing an award of DTPA additional damages. 883 S.W.2d 337, 345, 348. That conclusion directly conflicts with our subsequent decision in *Haynes & Boone*. We have reviewed petitioners' additional complaints and conclude that none reveal other reversible errors.

Accordingly, without hearing oral argument, we grant petitioner's application for writ of error, reverse the judgment of the court of appeals, and remand the case to that court for a *Moriel* review of the DTPA additional damages. TEX.R.APP.P. 170.