**APACHE CORPORATION, Appellant,**

v.

**Leo MOORE, Daisy Moore, and Bess Cole, Appellees.**

No. 07–93–0069–CV.

Court of Appeals of Texas, Amarillo.

July 31, 1997.

Addendum Overruling Rehearing Aug. 25, 1997.

Liddell Sapp Zivley Hill & Laboon L.L.P., Jess H. Hall, Jr., Jeff Weems, James E. Essig, Houston, Mayer Brown & Platt, Andrew L. Frey, Evan M. Tager, Washington, DC, for appellant.

Clements O'Neill Pierce & Nickens LLP, Jack O'Neill, Kelly J. Kirkland, Houston, Richard N. Countiss, Houston, for appellees.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

REYNOLDS, Senior Justice (Assigned).

On original submission of Apache Corporation's appeal from a judgment decreeing its liability to Leo Moore, Daisy Moore, and Bess Cole (collectively, the Moore group), for actual and exemplary damages resulting from its negligence proximately causing a gas well to blow out, we modified the trial court's judgment by eliminating the attorney's fees allocated to the Moore group and, as modified, affirmed the judgment. En route to our decision, we, testing the reasonableness of the jury's award of exemplary damages by the guiding factors articulated in

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

*Alamo Nat. Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981), upheld the award. *Apache Corp. v. Moore,* 891 S.W.2d 671 (Tex.App.— Amarillo 1994, writ denied). Upon the denial of its application for writ of error by the Supreme Court of Texas, Apache applied to the Supreme Court of the United States for a writ of certiorari.

Following its decision in *BMW of North America, Inc. v. Gore,* 517 U.S. ——, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), illuminating "the character of the standard that will identify constitutionally excessive awards" of punitive damages, the Supreme Court granted the writ of certiorari, vacated our judgment, and remanded the cause for further consideration in light of its *BMW* opinion. *Apache Corp. v. Moore,* 517 U.S. ——, 116 S.Ct. 1843, 134 L.Ed.2d 945 (1996). The parties have rebriefed the question of exemplary damages, which has been resubmitted on oral argument. We will conditionally affirm.

The *BMW* litigation was instituted to recover compensatory and punitive damages for fraud, *i.e.,* the suppression of the material fact that a new BMW automobile had been partially repainted before being sold by the dealer. The jury awarded $4,000 as compensatory damages and $4,000,000 as punitive damages, but the punitive damages were reduced to $2,000,000 by the Supreme Court of Alabama. The Supreme Court of the United States held that the award of punitive damages was constitutionally excessive.

In reaching its decision, the Supreme Court, noting that "[p]unitive damages may properly be imposed to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition," and that "States necessarily have considerable flexibility in determining the level of punitive damages that they will allow in different classes of cases and in any particular case," emphasized that elementary constitutional notions of fairness "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." *Id.,* 517 U.S. at ——, 116 S.Ct. at 1598.

■ Undoubtedly, Apache had fair notice. The principle of exemplary damages is of ancient origin and was accepted as a part of the common law of this State. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 402 (1934). It is also a part of our jurisprudence that in a cause of action for negligence, exemplary damages may be obtained upon a showing of gross negligence. *Atlas Chemical Industries, Inc. v. Anderson,* 524 S.W.2d 681, 687 (Tex.1975). Although by virtue of the particular facts of each cause, there can be no set ratio between actual damages and exemplary damages, we expressed in our earlier opinion that the awards for each must be reasonably proportioned. *Apache Corp. v. Moore,* 891 S.W.2d at 685.

On original submission, we considered Apache's contention that its calculated ratios of exemplary damages to actual damages as 208 to 1 each for Leo Moore and Daisy Moore, and 104 to 1 for Bess Cole, were disproportionate, and held, under applicable principles, that the ratios were not unreasonable. *Id.* at 686. Since then, the Supreme Court set forth in *BMW* three guideposts to mark the reasonableness of a punitive damage award.

■ The first, and perhaps the most important, indicium is the degree of reprehensibility of the defendant's conduct. The second, and perhaps the most commonly cited, indicium is the award's ratio to the actual harm inflicted on the plaintiff. The third indicium is the comparison of the award with civil or criminal penalties that could be imposed for comparative misconduct. *BMW of North America v. Gore,* —— U.S. at ——, 116 S.Ct. at 1599.

By the very nature of its summary order for reconsideration of this cause in light of its *BMW* opinion, the Supreme Court did not address the applicability of the factors established in *Kraus* to test the reasonableness of exemplary damages. Nevertheless, it cannot escape notice that on original submission of Apache's appeal, the first indicium of *BMW* was considered under the first four factors enumerated in *Alamo Nat. Bank v. Kraus,* 616 S.W.2d at 910, *i.e.,* "(1) the nature of the wrong, (2) the character of the conduct in-

volved, (3) the degree of culpability of the wrongdoer, [and] (4) the situation and sensibilities of the parties concerned." *Apache Corp. v. Moore,* 891 S.W.2d at 685. *BMW's* second indicium was also taken into consideration under the *Kraus* command that "[e]xemplary damages must be reasonably proportional to actual damages." *Id.* Only the third *BMW* indicium was not addressed in depth, albeit passing reference was made to the legislature's attempt to regulate exemplary to actual damages ratios by a statute which did not apply to the Moore group's action. *Id.* at 686.

We, therefore, deem the *Kraus* factors to be continuing considerations within the framework of the guideposts for testing, in any particular cause, the level of exemplary damages allowed to vindicate the legitimate interests of Texas in punishment and deterrence. Yet, it appears the *BMW* decision dictates that the discretion entrusted to Texas juries to properly and appropriately assess exemplary damages—*i.e.,* "[u]nless the size of the award and the circumstances of the case indicate the award was the result of passion or prejudice, or that the evidence has been disregarded by the jury, the verdict is conclusive and should not be set aside either by the trial or appellate court," Apache Corp. v. Moore, 891 S.W.2d at 685—must be subjected to a more stringent judicial review upon a contention that the exemplary-actual damages ratio exceeds a constitutionally acceptable range. *BMW of North America v. Gore,* 517 U.S. at ——, 116 S.Ct. at 1601. Apache has advanced that contention.

■ No mathematical bright line for a constitutionally acceptable ratio between actual and exemplary damages has been drawn; indeed, as we noted in our original opinion, the ratio that will pass constitutional muster will depend upon the facts in each cause. *Apache Corp. v. Moore,* 891 S.W.2d at 685. The remand requires that our original stamp of approval of the ratio in this cause be revisited under the *BMW* guidelines.

Of the actual damages the jury found to have been inflicted by Apache's negligence, the jury determined that Leo Moore and Daisy Moore each were entitled to $2,705,

and Bess Cole was entitled to $5,425, to compensate them for the value of their lost natural gas and condensate. And under the jury's allocation of exemplary damages of $562,500 to each member of the Moore group, and our disallowance of attorney's fees in the amount of $62,500 for each member of the group, the resulting exemplary-actual damages ratios are 185 to 1 for Leo Moore and Daisy Moore and 92 to 1 for Bess Cole.

■ Given these ratios, "the proper inquiry is 'whether there is a reasonable relationship between the punitive damages award and *the harm likely to result* from the defendant's conduct as well as the harm that actually has occurred.'" *BMW of North America, Inc. v. Gore,* 517 U.S. at ——, 116 S.Ct. at 1602 (citing *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 460, 113 S.Ct. 2711, 2721, 125 L.Ed.2d 366 (1993), as quoting *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 21, 111 S.Ct. 1032, 1045, 113 L.Ed.2d 1 (1991) (emphasis in original)). By its large exemplary damages award in this cause, the jury presumably found that the conduct outlined in our original opinion as attributable to Apache was reprehensible, and that the potential for harm was greater than that which resulted. Nevertheless, the reprehensible conduct, viewed in the light of its applicability under the guideposts in *BMW,* only inflicted harm on the Moore group that was purely economic in nature. It cannot be said that the economic harm which the group recovered was intentionally inflicted, particularly since Apache itself suffered substantial economic harm resulting from its own negligence. And the likelihood of further harm being caused the Moore group by Apache's conduct is at best remote. Then, by virtue of *BMW's* teachings, these circumstances dictate that the exemplary damages awarded the Moore group crossed the line into constitutional impropriety.

As we noticed in our original opinion, when the exemplary damages were assessed in this cause, the Texas Legislature had not addressed the question of the ratio of actual-exemplary damages in negligence actions, *Apache Corp. v. Moore,* 891 S.W.2d at 686; however, there then existed a statutory limit

of exemplary damages to four times the amount of the actual damages or $200,000, whichever is greater, applicable to some other actions. Tex. Civ. Prac. & Rem.Code Ann. § 41.007 (Vernon Supp.1994). Subsequently, the Legislature amended the Code to provide that in a negligence action, as well as in other specified actions, exemplary damages may not exceed an amount equal to the greater of two times the amount of economic damages, plus an amount equal to noneconomic damages found by the jury not to exceed $750,000, or $200,000. Tex. Civ. Prac. & Rem.Code Ann. § 41.008 (Vernon 1997).

Understandably, there is no contention that the statute should be applied retroactively; yet, it must be noticed that the statute is the Legislature's expression of the relationship between actual and exemplary damages which is appropriate to vindicate the State's legitimate interests in punishment and deterrence. Obviously, the provision for an amount of exemplary damages in excess of two times the amount of economic damages is to punish and deter a defendant who engages in egregious conduct producing economic harm with the likely threat of producing additional harm.

■ Then, considering Apache's conduct and the harm resulting to the Moore group in the light of the standards given controlling effect in the *BMW* opinion, we deem that an award of exemplary damages in excess of four times the economic damages would cross the line of constitutional impropriety. Therefore, if, within twenty days from the date of this opinion, Leo Moore and Daisy Moore will each remit the exemplary damages awarded them in excess of $10,820, and Bess Cole will remit the exemplary damages awarded her in excess of $21,700, the judgment will be affirmed. Otherwise, the judgment will be reversed and the cause will be remanded to the trial court.

### ADDENDUM

Subject to a discerning motion for a hearing on the question of exemplary damages, the Moore group has elected to remit the amount of exemplary damages we determined were excessive upon remand of this cause from the Supreme Court of the United States. Having once more reviewed the exemplary damages issue and remaining convinced that we reached a correct decision on the subject, we overrule the motion for rehearing and honor the election made.

Conformably, we further reform the judgment by eliminating the exemplary damages awarded to Leo Moore and Daisy Moore in excess of $10,820 each, and awarded to Bess Cole in excess of $21,700, thereby decreeing that Leo Moore and Daisy Moore each shall have and recover the sum of $10,820, and Bess Cole shall have and recover the sum of $21,700, from Apache Corporation as exemplary damages. As reformed, the judgment is affirmed.