**Harlow JONES, et al., Appellants,**

v.

**Debbie YOUNGBLOOD, et al., Appellees.**

No. 11–96–185–CV.

Court of Appeals of Texas, Eastland.

Jan. 22, 1998.

Michael R. Knox, Jo Allison Stasney, Knox & Tollefson, P.C., Kevin E. Olover, Cooper, Aldous & Scully P.C., Dallas, for Appellants.

Steven D. Autry, Michael Wade, Fort Worth, Thomas F. Nye, Brin & Brin, Audrey Mullert Vicknair, Paul W. Nye, Chaves, Gonzales & Hoblit, Corpus Christi, for Appellees.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.*

## OPINION

DICKENSON, Justice.

Plaintiffs[1] alleged that the defendants[2] were guilty of negligence which proximately caused injuries to all of the plaintiffs when a roofing tile fell from defendants' hotel[3] and hit Debbie Youngblood in the head while she was standing on the public sidewalk. The jury found that defendants' negligence caused 100 percent of "the occurrence or injury in question" and assessed damages for

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Debbie Youngblood and her husband, Michael Youngblood, sued for themselves individually and also as next friends of their minor daughters, Holly Lynn Youngblood and Heather Lee Youngblood. Plaintiffs are also referred to as "appellees" in this opinion.

2. The judgment names the defendants as Harlow Jones individually, Seth Horne individually, and Maurine and Seth Horne Properties. Defendants are also referred to as "appellants" in this opinion.

3. The Baker Hotel in Mineral Wells, Texas.

each plaintiff. The trial court rendered judgment on the verdict, including prejudgment interest, in favor of plaintiffs against all defendants, jointly and severally, in the total sum of $2,013,530.40 plus post-judgment interest at the rate of 10 percent per year. Defendants appeal. We affirm.

## Background Facts

There was evidence to support plaintiffs' allegations that Debbie Youngblood was standing on the public sidewalk outside the Baker Hotel in Mineral Wells during the evening of January 27, 1993; that a piece of roofing tile fell from the hotel and hit her in the head; and that she received serious brain injuries which have changed the lives of all four plaintiffs. There was also evidence that the roof of the hotel had been in a state of disrepair for several years before the roofing tile hit Debbie Youngblood in the head.

Plaintiffs alleged in their trial pleadings that defendants were guilty of "one or more" of the following acts or omissions, listing among numerous others, the failure to maintain the premises "in such a manner as to prevent injury to *invitees and other members of the public.*" Plaintiffs also alleged that the "foregoing acts or omissions" were the proximate cause of their injuries.

## The Jury's Verdict

Omitting the instructions and definitions, the relevant portions of the jury's verdict may be summarized as shown below:

(1) Did the negligence, if any, of the person or parties named below proximately cause the occurrence or injury in question?

| | |
|---|---|
| The Defendants | Yes |
| Debbie Youngblood | No |

(2) What percentage of the negligence that caused the occurrence or injury in question do you find to be attributable to each?

| | |
|---|---|
| The Defendants | 100% |
| Debbie Youngblood | 0 |

(3) What sum of money, if paid now in cash, would fairly and reasonably compensate Debbie Youngblood for her injuries, if any, that resulted from the incident in question?

| | | |
|---|---|---|
| (a) | Past physical pain and mental anguish: | $100,000.00 |
| (b) | Future physical pain and mental anguish: | $400,000.00 |
| (c) | Past loss of earning capacity: | $ 54,000.00 |
| (d) | Future loss of earning capacity: | $450,000.00 |
| (e) | Past physical impairment: | $ 50,000.00 |
| (f) | Future physical impairment: | $150,000.00 |
| (g) | Past medical care: | $ 7,700.00 |
| (h) | Future medical care: | $250,000.00 |
| (i) | Past physical disfigurement | $ 2,000.00 |
| (j) | Future physical disfigurement | $ 2,500.00 |

(4) What sum of money, if paid now in cash, would fairly and reasonably compensate Michael Youngblood for loss of Debbie's household services and for loss of consortium? $70,000.00

(5) What sum of money, if paid now in cash, would fairly and reasonably compensate Holly Youngblood [4] for the loss, if any, of parental consortium that resulted from the physical injury to her mother? $70,000.00

(6) What sum of money, if paid now in cash, would fairly and reasonably compensate Heather Youngblood [5] for the loss, if any, of parental consortium that resulted from the physical injury to her mother? $15,000.00

## Points of Error

Appellants present eight points of error. The only challenge to the amount of damages found by the jury is in Point of Error No. 8 which challenges the legal and factual sufficiency of the evidence to support the jury's

---

4. The younger daughter. She was 11 years old when her mother was injured.

5. The older daughter. She was 17 years old when her mother was injured.

finding of $250,000.00 for future medical care. Appellants argue in Point of Error No. 1 that:

> With the plaintiffs having waived their premises condition theory by omitting it from the charge, the trial court erred in entering a judgment for the Youngbloods based on a negligent activity theory, which under the facts is an inapplicable theory.

Appellants argue in Points of Error Nos. 2, 3, and 4 that the evidence is "factually and legally insufficient to support an implied finding" (Point Two) that defendants had actual or constructive knowledge of a dangerous condition; (Point Three) that the roof of the hotel posed an unreasonable risk of harm; and (Point Four) that Debbie Youngblood's injury was proximately caused by an unreasonably dangerous condition on defendants' property. Appellants also claim in Points of Error Nos. 5, 6, and 7 that they are entitled to a new trial because of their complaints concerning eight photographs of the hotel roof which were admitted into evidence as Plaintiffs' Exhibits Nos. 4 and 5.

### Premises Condition Theory

■ Appellants argue that this case is controlled by holdings in the recent case of *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523 (Tex.1997). We disagree. While that case contains language which is helpful to appellants' contentions, the case is clearly distinguishable.

*Olivo* discusses the duty which a general contractor owes to the employee of an independent contractor when the employee is injured on premises which are occupied, but not owned, by the general contractor. The Supreme Court makes it clear that *Olivo* concerns the "hybrid body of law that lies at the intersection of premises liability and agency law." The Supreme Court then refers to *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983), for the elements which must be found to impose liability for injuries to a business invitee who is injured "on the premises" and holds that:

> [A] simple negligence question, unaccompanied by the *Corbin* elements [see *Corbin v. Safeway Stores, Inc., supra* at 296] as

instructions or definitions, cannot support a recovery in a premises defect case.

Plaintiffs' judgment in this case is not based upon the cause of action for injuries to a business invitee which is discussed in *Corbin* and *Olivo*. Debbie Youngblood was not a business invitee who was injured on the premises. She was not on the premises. She was on the public sidewalk.

The Supreme Court held in *Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981):

> The owner or occupant of premises abutting a highway has a duty to exercise reasonable care not to jeopardize or endanger the safety of persons using the highway as a means of passage or travel. The owner or occupant is liable for any injury that proximately results from his negligence.

A similar rule applies to pedestrians who are upon the public sidewalks. See *Henry v. Mrs. Baird's Bakeries, Inc.*, 475 S.W.2d 288, 291 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.), where the court held:

> The occupier of real estate having a public sidewalk adjacent to it owes a duty to all [persons] who might use the sidewalk. The duty is to avoid rendering the sidewalk unsafe for pedestrians.

See also *Beaumont Iron Works Co. v. Martin*, 190 S.W.2d 491, 495 (Tex.Civ.App.—Beaumont 1945, writ ref'd w.o.m.), where the court held:

> Since there was evidence from which the jury could conclude that the [glass window] pane probably would not have fallen if defendant had used care to see that it was tight in its frame, they could find that defendant did not so maintain it and that defendant was negligent in failing to do so.

The first point of error is overruled. Plaintiffs did not waive their theory of recovery by failing to include the elements which are discussed in *Corbin v. Safeway Stores, Inc., supra*. Plaintiffs' theory of recovery rests upon *Alamo National Bank v. Kraus, supra*; *Henry v. Mrs. Baird's Bakeries, Inc., supra*; and *Beaumont Iron Works Co. v. Martin, supra*.

### Sufficiency of the Evidence

We have reviewed the "legally insufficient" points under the rule which is stated in *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263, 265 (Tex.1974):

> When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings.

We have reviewed the "factually insufficient" points under the well-known rule which is stated in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951):

> The question requires the Court ... to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial [if it finds] that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

See also: Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L. REV. 361 (1960).

■ Debbie Youngblood testified as to how she was injured on the evening of January 27, 1993, while she was on the public sidewalk outside the Baker Hotel in Mineral Wells. The next morning, she found broken roofing tiles on the sidewalk where she had been standing when she was hit. The photographs of the hotel roof supported the expert witness' testimony that the roof was in a state of "severe disrepair." Other witnesses testified that the roof had been in need of repairs for a long time before the night when Debbie Youngblood was injured and that the need for roof repairs had been discussed with defendants.

This court finds that the evidence is legally and factually sufficient to support the implied findings which appellants have challenged: (Point Two) "defendants had actual or constructive knowledge of a dangerous condition on the Baker Hotel roof"; (Point Three) "the roof of the Baker Hotel posed an unreasonable risk of harm"; and (Point Four) "Debbie Youngblood's injury was proximately caused by an unreasonably dangerous condition on

the defendants' property." Moreover, we find that those findings are not against the great weight and preponderance of the evidence and that they are not manifestly unjust. Consequently, Points of Error Nos. 2, 3, and 4 are overruled.

### Photographs of Roof

■ Appellants argue in Points of Error Nos. 5 and 6 that they are entitled to a new trial pursuant to TEX.R.APP.P. 50(e) because of the "effective destruction of Exhibits 4 and 5 by the jury" and because "the state of the record makes it impossible to establish reversible error [because of] the effectively destroyed evidence." The portion of Rule 50(e) upon which appellants rely is now found in TEX.R.APP.P. 34.6(f) (Reporter's Record Lost or Destroyed). That rule provides:

> An appellant is entitled to a new trial under the following circumstances:
>
> \* \* \*
>
> (2) if, without the appellant's fault, a significant exhibit ... has been lost or destroyed;
>
> \* \* \*
>
> (3) if the ... lost or destroyed exhibit is necessary to the appeal's resolution; and
>
> (4) if the parties cannot agree on a complete reporter's record.

■ This court has the original photographs which constituted Exhibits Nos. 4 and 5. Those exhibits were not "destroyed" within the meaning of the rule. The jurors took the eight photographs off the two poster boards upon which they were mounted. Appellants do not show that any attempt was made to agree upon the way the photographs were arranged on the poster boards. It seems clear that it would have been possible to put the photographs back upon the poster boards in the same way they were originally arranged. Appellants have not shown grounds for a new trial. Moreover, the eight photographs were cumulative of the testimony by various witnesses about the appearance of the Baker Hotel roof.

Appellants argue in their Point of Error No. 7 that the trial court erred in admitting the photographs of the Baker Hotel roof. Appellants cite TEX.R.CIV.EVID. 401 and 403. Rule 401 defines "relevant evidence" as:

[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed" by the danger of unfair prejudice or by confusion of the issues. The trial court did not err in admitting the photographs into evidence. They were relevant to the condition of the hotel roof, and there was no danger of unfair prejudice or confusion of the issues. Appellants were able to show the jury that the photographs were made months after the incident, and appellees were able to show the jury that the condition of the hotel roof had not been repaired during that period of time. The admission into evidence of photographs or their rejection is a matter "which rests largely within the discretion of the trial judge." See, e.g., *Fibreboard Corporation v. Pool,* 813 S.W.2d 658, 671 (Tex. App.—Texarkana 1991), *cert. den'd,* 509 U.S. 923, 113 S.Ct. 3037, 125 L.Ed.2d 724 (1993). Points of Error Nos. 5, 6, and 7 are overruled.

### *Future Medical Expenses*

Appellants' last point of error challenges the jury's answer of $250,000.00 for future medical care. We find that there is evidence to support this answer which is both legally and factually sufficient under the tests discussed hereinabove. See *Martinez v. Delta Brands, Inc., supra; In re King's Estate, supra.*

Dr. Charles D. Marable, M.D. is the neurologist who treated Debbie Youngblood; he testified to the reasonable medical probability that she will continue to need medical care and to the anticipated cost of those medical expenses. He testified that her present medications cost $200.00 per month and that those costs may increase. He also testified that she will need to see a doctor every six weeks to two months in order to monitor her condition and that these examinations will cost from $60.00 to $100.00 each. There was also testimony that Debbie Youngblood will probably require nursing home care sooner than she would have without the injury and that this care will cost from $5,000.00 to $6,000.00 per month. He also testified that she will need to have EEG and MRI tests each year at a cost of $1,000.00 to $1,500.00, plus a "Triple Evoke Test" which costs from $3,000.00 to $4,000.00. There was also testimony that Debbie Youngblood had a reasonable life expectancy of 40 more years. Point of Error No. 8 is overruled.

The judgment of the trial court is affirmed.