TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON MOTION FOR REHEARING








NO. 03-01-00211-CV






Houston Livestock Show and Rodeo, Inc., Appellant


v.


T. L. Hamrick, Connie S. Hamrick, Leslie Hamrick, Craig Barton, Jacque Barton,

Jimmy Barton and Kevin Copeland, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. 92-14826, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






S U P P L E M E N T A L O P I N I O N

PER CURIAM

 Of the points raised by the Houston Livestock Show in its motion for rehearing, only
one merits our response. The Livestock Show alleges that regarding the additional-damages award,
we failed to conduct the five-factor analysis outlined in Alamo National Bank v. Kraus, 616 S.W.2d
908 (Tex. 1981). A review of the Livestock Show's tenth issue reveals only a contention that the
additional-damages award was not recoverable because there was not a "knowing" DTPA violation. 
However, because the Livestock Show cited to the Texas Supreme Court case of Leonard & Harral
Packing Company v. Ward, 937 S.W.2d 425 (Tex. 1996), which stands for the proposition that an
award of additional damages in a DTPA cause of action must undergo a Kraus analysis, we will
conduct such an evidentiary review.

 The Kraus factors are: "(1) the nature of the wrong, (2) the character of the conduct
involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the
parties concerned, and (5) the extent to which such conduct offends a public sense of justice and
propriety." Alamo Nat'l Bank v. Kraus, 616 S.W.2d at 910. The wrong in this case was the
Livestock Show's violation of the DPTA. The jury and trial court found that the Livestock Show's
conduct was unconscionable, false, misleading, and deceptive. We held above that the evidence was
sufficient to support that finding. The jury found that the character of the conduct the Livestock
Show exhibited was egregious under the DTPA. It heard evidence that the Livestock Show sent the
first animal samples to a lab using unproven methods of testing. Later, the Livestock Show agreed
to retest the animal samples at a different, mutually agreed-upon lab, but violated that agreement and
instead sent the samples to an undisclosed lab without notifying the plaintiffs that the samples had
been sent. Further, the Livestock Show reported misleading news to the media regarding the results
of the retested samples. As to the degree of culpability of the defendant, the district court found that
the Livestock Show acted "knowingly," and we have affirmed that finding. As to the situations and
sensibilities of the parties, the evidence supports the district court's judgment awarding additional
damages. Children, who had worked for months raising and caring for their livestock, were
wrongfully humiliated due to an error the Livestock Show could easily have avoided but instead
perpetuated by mishandling the retesting process and releasing information about the plaintiffs'
animals to the media. Finally, regarding the extent to which such conduct offends a public sense of
justice and propriety, the public puts its faith in organizations like the Houston Livestock Show. The
Houston Livestock Show holds itself out to the public as an organization with high standards whose 
purpose is assisting children in their pursuit of agricultural education. The public supports the
Livestock Show's activities. The Houston Livestock Show has been found to have breached these
standards. Therefore, we conclude on balance that in light of the Kraus factors, the additional
damages awarded here were justified both by legally and factually sufficient evidence. 
Consequently, we overrule the Livestock Show's motion for rehearing.


Before Justices Kidd, Yeakel and Patterson; Justice Yeakel Not Participating

Filed: October 30, 2003